# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTION TO** |
| ) | **REDUCE SENTENCE** |
| vs. ) | |
| ) | Case No. 3:18-cr-00142 |
| Shane Graham Thede, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Shane Graham Thede's motion to reduce sentence filed on July 28, 2020. Doc. No. 44. The Government responded in opposition to the motion on August 10, 2020. Doc. No. 45. To date, Thede has not filed a reply. Thede seeks a reduction in his sentence to time served based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("FSA"). For the reasons below, the motion is denied.

## I.    BACKGROUND

On February 25, 2019, the Court[1] sentenced Thede to 80 months' imprisonment for conspiracy to possess with intent to distribute and distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Doc. No. 39. The Bureau of Prisons ("BOP") placed Thede at FCI Milan. Now 45 years old, Thede has a projected release date in October 2024. Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 21, 2020).

---

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

Thede purports to suffer from various health conditions, including asthma, hypertension, and eosinophilic esophagitis (a chronic immune system disease that can result in inflammation or injury to esophageal tissue). The presentence investigation report mentions the esophageal condition, but Thede has not otherwise submitted supporting medical records with his motion. Doc. No. 32, ¶ 68. On June 11, 2020, Thede submitted a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) to the warden at FCI Milan. Doc. No. 45-1, p. 4. The warden denied the request on July 24, 2020. Id. at 5.

## II.    DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that rule, a court "may reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."[2] 18 U.S.C. § 3582(c)(1)(A)(i). The 18 U.S.C. § 3553(a) factors also must support the reduction. Id. The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

### A.    Administrative Exhaustion

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

---

[2] In lieu of extraordinary and compelling reasons, the statute also permits a sentence reduction where a defendant is at least 70 years old and certain additional conditions are met. See 18 U.S.C. § 3582(c)(1)(A)(ii). Thede is 45 years old, so this avenue for relief is foreclosed.

2

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Because 30 days have lapsed since Thede submitted his request for compassionate release, the Court will proceed to the merits.

### B. Extraordinary and Compelling Reasons

The compassionate release statute does not define what constitutes "extraordinary and compelling reasons." Instead, Congress has dictated that the Sentencing Commission, through a policy statement, "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including . . . a list of specific examples." 28 U.S.C. § 994(t). To meet its statutory obligation, the Commission has promulgated USSG § 1B1.13. The policy statement itself largely mirrors the compassionate release statute's language. See USSG § 1B1.13(1)-(3).

More pertinent here is Application Note 1 to the policy statement. So long as a defendant does not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," the Application Note delineates four instances that demonstrate extraordinary and compelling reasons for compassionate release. USSG § 1B1.13(2); id. app. n.1. The first three circumstances set out in subdivisions (A) through (C) pertain to a defendant's medical condition, age, or family circumstances, respectively. See id. app. n.1(A)-(C). Subdivision (D)—the catch-all provision—authorizes a sentence reduction when: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than . . . the reasons described in subdivisions (A) through (C)." Id. app. n.1(D).

The Sentencing Commission, currently lacking a quorum, has yet to update § 1B1.13 since Congress amended § 3582(c)(1)(A). The policy statement still contemplates a motion for compassionate release originating solely from the BOP Director—clearly no longer the case. See

3

USSG § 1B1.13.  Seizing on this vacuum, several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges.  See, e.g., United States v. Fox, Criminal No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); United States v. Beck, 1:13-CR-186-6, 2019 WL 2716505, at *5-6 (M.D.N.C. June 28, 2019); United States v. Cantu, Criminal Action No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019).  Other district courts disagree.  See, e.g., United States v. Lynn, CRIMINAL NO. 89-0072-WS, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019); United States v. Gutierrez, No. CR 05-0217 RB, 2019 WL 2422601, at *2-3 (D.N.M. June 10, 2019); United States v. Shields, Case No. 12-cr-00410-BLF-1, 2019 WL 2359231, at *4 (N.D. Cal. June 4, 2019).  Indeed, this Court recently determined that § 3582(c)(1)(A)'s plain language mandates adherence to the policy statement as written.  United States v. Rivera, Case No. 1:16-cr-00239 (D.N.D. Nov. 25, 2019).

Assuming arguendo that the Court possesses the authority to find other extraordinary and compelling reasons, Thede's circumstances fail to clear the high bar necessary to warrant a sentence reduction.  First, the Centers for Disease Control has not identified eosinophilic esophagitis as a condition that independently increases the risk of serious illness from COVID-19.  See People Who Are at Increased Risk for Severe Illness, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Aug. 21, 2020).  Although Thede highlights the potential adverse consequences that may result from his esophageal condition if he is placed on a ventilator, that possibility is both remote and speculative.  Second, Thede has not provided any supporting medical records to verify his asthma or hypertension diagnoses, leaving the Court without a basis to determine whether these conditions render him particularly susceptible to COVID-19.  See United States v. Warren, Case

4

No. 16-cr-0190 (WMW/HB), 2020 WL 4382758, at *3 (D. Minn. July 31, 2020) (collecting cases denying compassionate release for failure to substantiate health conditions with medical records). Accordingly, Thede's assertions regarding the risk of contracting COVID-19 while incarcerated do not present an extraordinary and compelling reason for a sentence reduction.

### C. Additional Requirements

Even if extraordinary and compelling reasons were present, the Court is not satisfied that that Thede's release is consistent with the 18 U.S.C. § 3553(a) sentencing factors. He received an 80-month sentence just a year and a half ago. Accounting for earned and potential Good Conduct Time, Thede still has over four years to serve—meaning he has completed well under half his sentence. The Court also notes that Thede has previously violated court-ordered conditions of supervision, including the pretrial release conditions imposed in this case. Ultimately, the need to protect the public, ensure just and adequate punishment, promote deterrence, and avoid unwarranted sentencing disparities outweighs any factor Thede may rely on to justify compassionate release. The applicable § 3553(a) factors, taken as a whole, therefore favor continued incarceration.

### III. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Thede's motion to reduce sentence (Doc. No. 44) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of August, 2020.

                                              */s/ Peter D. Welte*
                                              Peter D. Welte, Chief Judge
                                              United States District Court